PETERS, &c.
vs
ALLISON, &c.

---

EJECTMENT.

*Case 74.*

## Peters & Daniel *vs* Allison & Ferguson.

ERROR TO THE CLARKE CIRCUIT.

*Ejectment. Adverse possession. Discontinuance. Landlord and tenant.*

*April 30.*

A tenant to one who is in possession under a contract of purchase (tho' verbal) is not liable in ejectment, without demand and refusal, or proof of an adverse holding before suit brought or demise laid.

Adverse holding before the demise, is not to be inferred from making defence to an ejectment improperly instituted.

JUDGE EWING delivered the Opinion of the Court.

ALLISON having the possession, as the sexton and agent of the church, which obtained the possession under a purchase from Mason, though verbal and held, looking to him for a title, neither Mason nor his vendee had a right of entry, or could maintain an action of ejectment therefor, without a demand and refusal on their part; or that of their sexton, or proof of a holding adversely, before suit brought or demise laid.

And the fact of an adverse holding, or of a demand, cannot be implied from a defence to the action, or a resistance to the lessor's title or right to recover, in the trial, on any ground. It cannot, and ought not to be inferred, from the fact that the defendant, after he has been made to assume an antagonistical attitude, by a suit brought against him, resists the right to recover against him on any ground, that he claimed or held adversely before he was sued or the demise was laid. The demand proven,

is not shown to have been a demand on behalf of Mason or his vendees. He who demanded the possession is not shown to have had any right to the possession.

The Court was also right in refusing permission to the lessors of the plaintiff to discontinue, as to the tenant in possession, for the purpose of making him a witness against Ferguson, who had been permitted to defend as *quasi* landlord, on the part of the church.

The tenant being sued, as *tenant in possession*, had a right to be admitted a defendant, that he might defend *his possession*. His *possession* was the object of the suit, nor could a suit have been commenced at all, but against the tenant in possession, and the object of the controversy is to try the right to *his* possession. The landlord being admitted to enter himself as a defendant, does not and cannot have the effect to expand the controversy. He is allowed to defend for and on behalf of the tenant, but the defence is still restricted to the *possession* or *right* to the *possession* of the tenant, and can no more be prosecuted separately against the landlord, without and against the will of the tenants, than it could originally have been instituted against the landlord, who was not, at the time, in possession. A discontinuance of the suit, as to the tenant, would have been a discontinuance of the whole *cause of action*, not only against the tenant but against the landlord: *Crockett* vs *Lashbrook*, 5 *Monroe*, 540–1.

Judgment affirmed, with costs.

*Turner* for plaintiffs: *Apperson* for defendants.

It is not error to refuse plaintiff in ejectment permission to dismiss his suit against tenant in possession, to make a witness of him against one who had been admitted to defend with him.

A discontinuance of the suit against the tenant in possession, is a discontinuance of the whole action.